# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Shannon N. Olchefski, | **COURT FILE NO. 09-CV-02484 JNE/AJB** |
| Plaintiff, | |
| vs. | **ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER** |
| The Cheesecake Factory, Inc., | |
| Defendant. | |

Based upon the Joint Stipulation For Protective Order electronically filed on January 11, 2010, ECF Docket #7, and on all of the files and proceedings herein,

**IT IS HEREBY ORDERED:**

That the terms and conditions set forth in the Agreement are entered herewith, as follows:

A. The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure.

B. The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

1. Olchefski or The Cheesecake Factory may designate as "CONFIDENTIAL" any document, testimony, information or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth in Paragraphs 2, 3, and 4. Such designation shall subject the information produced or provided under said designation to the provisions of this Protective Order.

2. Any writing produced by any party or person in this litigation may be designated as "CONFIDENTIAL" by Olchefski or The Cheesecake Factory stamping the words "CONFIDENTIAL" on the face of the writing. Alternatively, a party may designate any writing as "CONFIDENTIAL" by identifying such document(s) by bates number and designating it/them as "CONFIDENTIAL" in a cover letter addressed to the opposing party's counsel and

accompanying the production of such document(s).  Confidential information includes, but is not limited to: materials of a proprietary nature that are not otherwise generally available to the public; any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor; any documents relating to the medical and/or health information of Plaintiff or any of Defendant's current or former employees or contractors; any and all documents referring or related to confidential and proprietary human resources or business information of Defendant; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures and/or training materials of Defendant; Defendant's organizational structure; any portions of depositions where Confidential Information is disclosed.

3.   Olchefski or The Cheesecake Factory may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising the reporter and counsel of such designation during the course of the deposition or at any time thereafter.  Portions of any deposition designated "CONFIDENTIAL" are to be offered for filing with the Court under seal, bearing substantially the following designation:  "Portions of this deposition were taken subject to a Protective Order.  These portions shall remain sealed pending approval by the Court until further agreement of the parties."  Whenever any writing designated as "CONFIDENTIAL" is identified as an exhibit in connection with testimony given in this case, it shall be so marked and separately offered for filing under seal with Court.

4.   Olchefski or The Cheesecake Factory may designate as "CONFIDENTIAL" specific responses to information requests by labeling the specific response "CONFIDENTIAL."

5.   Whenever any writing, testimony, information or material designated as "CONFIDENTIAL" is used or submitted to the Court in conjunction with any filing or

proceeding in this litigation, it shall be so marked and shall be offered for filing separately under seal with the Court. The parties shall act in good faith and on a reasonable basis when designating material "CONFIDENTIAL."

6. Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon further order of a court of competent jurisdiction, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to "CONFIDENTIAL" documents, testimony, information or material shall be limited to:

    (a)    The Court;

    (b)    Counsel for the respective parties, including in-house counsel and co-counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation);

    (c)    Experts for the parties, or such other persons whom in good faith and judgment of the attorneys of record for the parties, it is necessary to disclose such "CONFIDENTIAL" materials (including independent experts and consultants, and employees or clerical assistants of said experts) provided the attorney first informs such person that the confidential material to be disclosed is confidential and private and is to be held in confidence, is to be used solely for the purpose of preparing and presenting evidence in this litigation and further that these restrictions are imposed by Court Order.

    (d)    Parties or officers or employees of the respective parties who have a reasonable business need to review such documents, testimony, information or material.

    (e)    Deposition notaries and staff;

    (f)    Deponents during the course of their depositions or potential witnesses of this case, but only if the document is one that was authored or received by the deponent, was a document the deponent saw or read at any time, or was a document maintained by The Cheesecake Factory in the personnel file of that deponent, and provided the attorney first informs such former employee that the confidential material to be disclosed is confidential and private and is to be held in confidence, is to be used solely for the purpose of preparing and presenting evidence in this litigation and further that these restrictions are imposed by Court Order.

7. "CONFIDENTIAL" documents, testimony, information or material shall not be

disclosed to any expert or consultant (as defined in paragraph 6(b)), or to any officer or employee (as defined in paragraph 6(c)) of the opposing party, unless and until such person has signed and returned to all counsel a written agreement that he/she agrees to be bound by the terms of this Protective Order.

8.  No party shall, for herself or itself or for any person or persons acting on her or its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this litigation.

9.  Except as otherwise provided for in this Protective Order, all "CONFIDENTIAL" information and material shall remain in the possession of counsel for the respective parties or the parties themselves, and be stored in a secure place.

10. If Olchefski or The Cheesecake Factory object to the designation of any document, testimony, information or material as "CONFIDENTIAL," she or it may, by noticed motion, apply to the Court for a ruling that the document, testimony, information or material shall not be so treated. Unless and until the Court enters an order to the contrary, the documents, testimony, information or material shall be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Protective Order.

11. Should any party hereto seek to utilize any "CONFIDENTIAL" document, testimony, information or material at trial or a hearing in this matter, she or it shall meet with counsel for the opposing party in an effort to agree upon a procedure to insure the confidentiality of such document, testimony, information or material. In the event counsel are unable to reach agreement, the matter will be submitted to the Court.

12. Upon termination of this litigation, all copies of "CONFIDENTIAL" documents, testimony, information or material (and all summaries thereof) shall, upon request, be returned to

counsel for the producing party(ies).  Copies of "CONFIDENTIAL" documents which have been filed with the Court may be returned to the filing party by the Clerk of Court, or destroyed.

This Protective Order may be modified or amended by agreement of the parties or by further order of the Court for good cause shown.

ORDERED AND ADJUDGED that the Parties' Joint Stipulation for Protective Order is GRANTED.  The Parties shall adhere to the terms of the Stipulation.

Dated:  January 12, 2010

**BY THE COURT:**

___s/ Arthur J. Boylan_____
U.S. Magistrate Judge